UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Office of the General Counsel

February 22, 2005

David J. Bradford, Esq.
Jenner & Block LLP
One IBM Plaza
Chicago, Illinois 60611-7603

Re: Federal Trade Commission v. Kevin Trudeau, Nos. 98-C-0168 and 03-C-3904

Dear Mr. Bradford:

I am responding to your February 16, 2005 letter to Heather Hippsley, Assistant Director, Division of Advertising Practices, Bureau of Consumer Protection, regarding a Federal Trade Commission press release, dated September 7, 2004, issued in the above-captioned matter. Your letter argues that the headline of that press release, "Kevin Trudeau Banned from Infomercials," a reference to Mr. Trudeau as someone who has "misled American consumers for years" and the statement "[o]ther habitual false advertisers should take a lesson," contained in a quote from Lydia Parnes, Acting Director of the FTC's Bureau of Consumer Protection, are false. You assert that these statements imply that there was a judicial "finding" of wrongdoing against Mr. Trudeau. Accordingly, you request that the FTC remove the press release from its Web site immediately, issue a corrective retraction, post the retraction on its Web site, and disseminate the retraction to each news agency or other Web site that allegedly has been misled by the FTC's original release.

I have examined the press release in question, and it does not mischaracterize the terms of the settlement. As the press release explicitly states, we recognize Mr. Trudeau's settlement does not constitute an admission by the defendants of a law violation. Ms. Parnes' remarks do not change that fact. Further, nothing in the press release refers to any "findings" of fact or law, nor can such an inference reasonably be drawn from the press release. Notably, however, on June 29, 2004, the Court found Mr. Trudeau in civil contempt for engaging in conduct that violated the preliminary injunction entered against him in July 2003.

Additionally, your argument about the release's headline is not well taken. Mr. Trudeau is broadly banned from producing, disseminating, or assisting in the making of infomercials that include representations about any product, program, or service, apart from limited exceptions (involving informational publications) that are clearly referenced in the first sentence of the press release. A broad ban in infomercials is an extraordinary remedy that is not typically sought by the Commission.

Moreover, public access to the information in question continues to be in the public interest to the extent it continues to serve as a guide to the kinds of activities and allegations that may result in FTC enforcement action, including potential remedies, settlement amounts, and other relevant terms and conditions. This remains true of orders and settlements, even after full compliance has been achieved.

This determination is in accord with the Commission's own public record rules, which provide that all press releases, such as the one you identify, shall be available for routine public inspection and copying. *See* 16 C.F.R. § 4.9(b)(10). The posting of materials from the agency's public record on its Web site fulfills not only certain duties imposed by the Freedom of Information Act, see 5 U.S.C. § 552(a)(2), but also a purpose of the E-Government Act of 2002 in promoting the use of the Internet to provide Government information to the public, *see* Pub. L. No. 107-347, § 2(b)(5), 116 Stat. 2899, 2901.

Accordingly, the continued dissemination of the press release remains proper and appropriate, and therefore I decline your request that the press release be removed from the Web site, or that other corrective measures be taken.

Sincerely,

Christian S. White
Deputy General Counsel
For Administrative Law and Ethics

cc: Heather Hippsley
Nancy Judy