IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KEVIN TRUDEAU, Plaintiff, | ) | |
| v. | ) | No. 05-263C |
| THE UNITED STATES, Defendant. | ) | (Judge George W. Miller) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF ADDITIONAL AUTHORITY**

On August 29, 2005, the defendant ("Government") filed a "Notice of Additional Authority" [Docket No. 8] in this action. The plaintiff, Kevin Trudeau, hereby responds to that filing, which is at most of marginal relevance to the Government's pending motion to dismiss.

This action, which is brought under the Tucker Act, 28 U.S.C. § 1491 (2000), seeks money damages for breach of a contract between the Federal Trade Commission ("FTC") and Mr. Trudeau. The gravamen of this action is that (1) an essential, bargained-for element of that agreement was the express understanding and promise by the FTC that Mr. Trudeau, by settling the action and entering into the agreement, was not admitting any fault, wrongdoing, or liability, (2) the FTC broke that contract, and (3) as a result, Mr. Trudeau has suffered injury that is compensable under the Tucker Act.

Mr. Trudeau also has sought—in an action in district court ("District Court Action") under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706 (2000)—non-monetary relief against the FTC's continued publication of material that inaccurately conveys the message that the U.S. District Court in Illinois found that he had engaged in improper conduct and had

assessed a substantial penalty against him. *See* Notice of Additional Authority, Attachment, at 8-9 [Docket No. 8].[1] The complaint in the District Court Action alleges that such conduct on the part of the FTC violates the laws governing the FTC and Mr. Trudeau's rights under the First Amendment. *Id.* The District Court Action seeks an order requiring correction of the inaccuracies in the FTC's press release. *Id.*

On August 25, 2005, the district court dismissed the District Court Action, principally on the ground that the FTC press release in question is not a "final agency action" under the APA and hence that subject matter jurisdiction is lacking. *Id.* at 15. The principal basis for that conclusion is that press releases ordinarily are not final agency actions. *Id.* at 13-16. A secondary basis is that the FTC press release doesn't come within the arguable exception to that general rule because it does not "intentionally and falsely deviate[] from the settlement order so as to be a separate agency action under the APA." *Id.* at 20.[2]

In essence, the Government seeks to have this Court transmute a failure to show a waiver of sovereign immunity under the APA into a failure to state a claim under the Tucker Act. But the two statutes are different, as are the claims alleged by Mr. Trudeau in the two actions. The issue under the APA is whether there is a waiver of sovereign immunity where the challenged agency action is not final. That includes the issue of whether the FTC press release "intentionally and falsely deviates from the settlement order so as to be a separate agency action under the APA." *Id.* By contrast, the issue under the Tucker Act is whether there was a contract

[1] The District Court Action is styled *Kevin Trudeau v. Federal Trade Commission*, Civil Action No. 05-0400 (JDB) (D.D.C. complaint filed Feb. 28, 2005).

[2] The opinion does add that "[f]airly read, the press release is not accurate or misleading at all," *id.* at 20, but that is dictum because the issue is whether the release intentionally and falsely deviates from the settlement order. Moreover, that dictum does not bind this Court.

between the FTC and Mr. Trudeau (the settlement agreement in the Illinois action), whether the FTC breached that contract, and whether Mr. Trudeau was injured as a result.

The "additional authority," therefore, is hardly is authoritative. It is best marginal to the issues before this Court and should not affect the Court's decision on the pending motion to dismiss. For the reasons set out above and in Mr. Trudeau's previous filings, he respectfully requests that the Court deny the Government's motion to dismiss.

Respectfully submitted,

Eric L. Hirschhorn (member of the bar)
Winston & Strawn LLP
1700 K Street, NW
Washington, D.C. 20006
202-282-5000 (fax 202-282-5100)

Kimball R. Anderson (member of the bar)
Stephen P. Durchslag*
Ronald Rothstein (member of the bar)
Lisa K. Seilheimer (member of the bar)
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, Illinois 60601
312-558-5600 (fax 312-558-5700)

David J. Bradford*
Daniel J. Hurtado*
Jenner & Block LLP
One IBM Plaza
Chicago, Illinois 60601
312-222-9350 (fax 312-527-0484)

*Attorneys for Plaintiff*

*application to the Court of Federal Claims bar pending

September 6, 2005

**Certificate of Service**

I hereby certify that on this 6th day of September 2005, a copy of the foregoing document was filed electronically. I understand that notice of said filing will be transmitted to all parties by operation of the Court's electronic filing system, and that parties may access the filing through said system.

Eric L. Hirschhorn

**CHI:1535812.4**